UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HALBERT CROMPTON,
   Petitioner,

               No. 1:07-cv-797

-v-

               HONORABLE PAUL L. MALONEY

KENNETH MCKEE,
   Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTION

Halbert Crompton, a prisoner under the control of the Michigan Department of Prisons (MDOC), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The magistrate judge reviewed the petition and Rule 5 material and issued a report recommending that the petition be denied. (Dkt. No. 27.) Petitioner Crompton filed an objection. (Dkt. No. 28.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure

to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

The magistrate judge identified and addressed three arguments raised in the petition for habeas relief. Petitioner asserts there was insufficient evidence produced at trial for the jury to find that he was armed at the time of the robbery. As part of this issue, Petitioner also asserts the jury was not properly instructed on the "armed" element of the offense. Finally, Petitioner asserts the state court abused its discretion by departing upward from the sentencing guidelines. The magistrate judge concluded Petitioner was not entitled to relief on any of the grounds raised. In his objection, Petitioner addresses only the conclusion that there was sufficient evidence produced at trial for the jury to conclude that he was armed at the time of the robbery.

The court finds the report and recommendation accurately summarizes the evidence presented at trial and draws well reasoned conclusions from those facts, in accordance with the governing law. Contrary to Petitioner's assertion in his objection, the magistrate judge did not "down play[] powerful[] exculpatory evidence." Petitioner has not identified any exculpatory evidence presented at his trial. The only evidence presented on the "armed" element of the armed robbery charge was the testimony of the hotel clerk. When viewed in a light most favorable to the prosecution, the clerk's testimony provided sufficient facts to establish that she had an objective basis for her conclusion that Petitioner was armed. Therefore, Petitioner's objection is OVERRULED.

CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). This court has reviewed the petition, report and recommendation, and objections for the purpose of issuing a certificate of appealability. Reasonable jurist would not disagree with the decision to deny the petition. The basis of the petition is a disagreement with whether the testimony of the victim provided sufficient evidence from which a jury could conclude that Petitioner was armed at the time of the attempted robbery. That evidence must be viewed in a light most favorable to the prosecution and this court does not weigh the credibility of the victim. The victim identified sufficient objective evidence to support her conclusion that Petitioner was armed. Therefore, a certificate of appealability is DENIED.

The court finds the report and recommendation well reasoned and an accurate summary of the facts and law. Accordingly, the report and recommendation (Dkt. No. 27) is **ADOPTED OVER OBJECTIONS** as the opinion of this court. Petitioner's request for habeas relief must be **DENIED**. A certificate of appealability is **DENIED. IT IS SO ORDERED.**


Date:  March 22, 2010             /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            Chief United States District Judge